IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:23cr59-MHT
                            )            (WO)
SARAH CARO                  )

ORDER

This cause is before the court on defendant Sarah Caro's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for March 18, 2024, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged with an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date
last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Caro in a speedy trial. Caro represents that she has been approved for pretrial

2

diversion and that the parties are awaiting information from the Department of Labor about the amount of restitution, if any, to include in the memorandum of understanding.  She submits that the information will not be available until March 7, 2024, at the earliest. A continuance is warranted to enable Caro the opportunity to attempt to enter into a memorandum of understanding and begin pretrial diversion.  Moreover, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 26) is granted.

(2) The jury selection and trial, now set for March 18, 2024, are reset for May 6, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and

3

shall   postpone   the   change-of-plea   and   any   other appropriate deadlines.

DONE, this the 13th day of February, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE