IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr59-MHT |
| | ) | (WO) |
| **SARAH CARO** | ) | |

## ORDER

This cause is before the court on defendant Sarah Caro's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for May 6, 2024, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>       which such charge is pending, whichever date
>       last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Caro in a speedy trial.  Caro represents that she has been approved for pretrial

2

diversion and that the parties are still awaiting information about the amount of restitution, if any, to include in the memorandum of understanding. A continuance is warranted to enable Caro the opportunity to attempt to enter into a memorandum of understanding and begin pretrial diversion. Moreover, the government has orally informed the court that it does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 33) is granted.

(2) The jury selection and trial, now set for May 6, 2024, are reset for June 17, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 19th day of April, 2024.

                                    /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE